UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2016-CIV-21317-FAM

KATHERY LOBAINA,

    Plaintiff,

v.

MATTRESS FIRM, INC.
a Foreign Profit Corporation, and
STAGNER, R. STEPHEN, Individually,

    Defendant.
_____/

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants Mattress Firm, Inc. and R. Stephen Stagner, pursuant to Fed. R. Civ. P. 12 and 81(c), answer the numbered paragraphs of the Complaint served[1] by Plaintiff Kathery Lobaina and present the following defenses:

1. Defendants admit that Plaintiff is seeking damages exceeding $15,000.00 excluding attorneys' fees or costs under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII") the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* (the "FCRA") for alleged sexual harassment, gender discrimination and retaliation, and under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") for alleged unpaid wages. Otherwise, denied. Defendants specifically deny that any action has occurred that would entitle Plaintiff to any relief under those statutes.

---

[1] Defendants are responding to the Complaint served on Mattress Firm, Inc. on March 24, 2016. This Complaint was never filed in the Court. Plaintiff filed a VI count Complaint on January 20, 2016. However, the filed complaint was never served on either Defendant.

2. Defendants are without knowledge sufficient to form a belief as to Plaintiff's allegation in this paragraph, and it therefore deny it.

3. Admitted.

4. Defendants admit that R. Stephen Stagner is a corporate officer and that he exercised decisionmaking authority within his role with the company. Defendants deny that he exercised operational control over the activities of Mattress Firm, Inc. as it relates to the allegations raised in the Complaint and/or as required for individual liability under the FLSA.

5. Defendants admit that venue is proper in the Miami Division of this Court because all of the actions complained of in Plaintiff's complaint allegedly occurred within Miami Dade County. Defendants specifically deny that any action has occurred that would entitle Plaintiff to any relief.

6. Defendants are without knowledge as to the allegations in this paragraph and therefore deny them.

### "FACTUAL ALLEGATIONS COMMON TO ALL COUNTS"

7. Defendants admit that Plaintiff is female. Otherwise, denied as to legal conclusions.

8. Defendants admit that Plaintiff commenced employment as a Manager-In-Training on or about July 10, 2014, otherwise denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Admitted.

15. Denied.

16. Defendants are without knowledge sufficient to form a belief as to Plaintiff's allegations in this paragraph, and they therefore deny them.

17. Defendants are without knowledge sufficient to form a belief as to Plaintiff's allegation in this paragraph, and they therefore deny it.

## "COUNT I – PLAINTIFF'S CLAIM OF SEXUAL HARASSMENT IN VIOLATION OF TITLE VII AGAINST MATTRESS FIRM, INC."

18. Defendants repeat and incorporate by reference their responses to Paragraphs 1-17 as if set forth in full herein.

19. Defendants admit that Plaintiff is female. Otherwise, denied as to the legal conclusion.

20. There is no factual averment in this paragraph, so no response is required. To the extent this paragraph contains facts, they are denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 29 of Plaintiff's Complaint.

## "COUNT II – PLAINTIFF'S CLAIM OF SEXUAL HARASSMENT IN VIOLATION OF THE FCRA AGAINST MATTRESS, INC."

30. Defendants repeat and incorporate by reference their responses to Paragraphs 1-17 as if set forth in full herein.

31. Defendants admit that Plaintiff is female. Otherwise, denied as to the legal conclusion.

32. There is no factual averment in this paragraph, so no response is required. To the extent this paragraph contains facts, they are denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 37 of Plaintiff's Amended Complaint.

## "COUNT III – PLAINTIFF'S CLAIM FOR GENDER DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST MATTRESS, INC."

38. Defendants repeat and incorporate by reference its responses to Paragraphs 1-17 as if set forth in full herein.

39. Defendants admit that Plaintiff is female. Otherwise, denied as to the legal conclusion.

40. Denied.

41.  Denied.

42.  Denied.

43.  Denied.

44.  Denied.

45.  Denied.

46.  Denied.

47.  Denied.

48.  Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 48 of Plaintiff's Amended Complaint.

### "COUNT IV – PLAINTIFF'S CLAIM OF GENDER DISCRIMINATION IN VIOLATION OF THE FCRA AGAINST MATTRESS FIRM, INC."

49.  Defendants repeat and incorporate by reference its responses to Paragraphs 1-17 as if set forth in full herein.

50.  Defendants admit that Plaintiff is female. Otherwise, denied as to the legal conclusion.

51.  Denied.

52.  Denied.

53.  Denied.

54.  Denied.

55.  Denied.

56.  Denied.

57.  Denied.

58.  Denied.

59.  Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 59 of Plaintiff's Complaint.

### "COUNT V – PLAINTIFF'S CLAIM OF RETALIATION IN VIOLATION OF TITLE VII AGAINST MATTRESS, INC."

60.  Defendants repeat and incorporate by reference their responses to Paragraphs 1-17 as if set forth in full herein.

61.  Defendants admit that Plaintiff is female.  Otherwise, denied as to the legal conclusion.

62.  Denied.

63.  Denied.

64.  Denied.

65.  Denied.

66.  Denied.

67.  Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 67 of Plaintiff's Complaint.

### "COUNT VI – PLAINTIFF'S CLAIM OF RETALIATION IN VIOLATION OF THE FCRA AGAINST MATTRESS, INC."

68.  Defendants repeat and incorporate by reference their responses to Paragraphs 1-17 as if set forth in full herein.

69.  There is no factual averment in this paragraph, so no response is required.  To the extent this paragraph contains facts, they are denied.

70. There is no factual averment in this paragraph, so no response is required. To the extent this paragraph contains facts, they are denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Defendants admit that Plaintiff requests punitive damages but deny that Plaintiff is entitled to any such damages. Otherwise denied. Defendants specifically deny that that any action has occurred that would entitle Plaintiff to punitive damages.

77. Defendants admit that Plaintiff seeks attorneys' fees and costs. Defendants deny that Plaintiff is entitled to same.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 77 of Plaintiff's Complaint.

## "COUNT VII – BREACH OF AGREEMENT AGAINST MATTRESS, INC."

78. Defendants repeat and incorporate by reference their responses to Paragraphs 1-17 as if set forth in full herein.

79. Denied.

80. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 80 of Plaintiff's Complaint.

## "COUNT VIII – PLAINTIFF'S CLAIM OF QUANTUM MERUIT AGAINST MATTRESS, INC."

81. Defendants repeat and incorporate by reference their responses to Paragraphs 1-17 as if set forth in full herein.

82. Defendants admit only that Plaintiff, at certain relevant times, worked for Mattress Firm in exchange for wages duly paid and other benefits duly provided as agreed. Otherwise, denied.

83. Defendants admit only that Mattress firm was aware that Plaintiff, at certain relevant times, worked for Mattress Firm in exchange for wages duly paid and other benefits duly provided as agreed. Otherwise, denied.

84. Defendants admit only that Mattress firm was aware that Plaintiff, at certain relevant times, worked for Mattress Firm in exchange for wages duly paid and other benefits duly provided as agreed. Otherwise, denied.

85. Denied.

86. Defendants admit that Plaintiff seeks damages under *quantum meruit* for the reasonable value of the services performed and provided to Mattress Firm, interest and costs, and other damages deemed just by the Court. But Defendants aver that Plaintiff was properly paid for all work performed, that Plaintiff has therefore not incurred any such damages, and that Plaintiff is improperly seeking monies from Defendants. Defendants specifically deny that that any action has occurred that would entitle Plaintiff to the relief requested in this Paragraph.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 86 of Plaintiff's Complaint.

## "COUNT IX – UNJUST ENRICHMENT AGAINST MATTRESS, INC."

87. Defendants repeat and incorporate by reference their responses to Paragraphs 1-17 as if set forth in full herein.

88. Defendants admit only that Plaintiff, at certain relevant times, worked for Mattress Firm in exchange for wages duly paid and other benefits duly provided as agreed. Otherwise, denied.

89. Defendants admit only that Plaintiff, at certain relevant times, worked for Mattress Firm in exchange for wages duly paid and other benefits duly provided as agreed. Otherwise, denied.

90. Defendants admit only that Mattress firm was aware that Plaintiff, at certain relevant times, worked for Mattress Firm in exchange for wages duly paid and other benefits duly provided as agreed. Otherwise, denied.

91. Denied.

92. Defendants admit that Plaintiff seeks damages for the value of the work performed for Mattress Firm. But Defendants aver that Plaintiff was properly paid for all work performed, that Plaintiff has therefore not incurred any such damages, and that Plaintiff is improperly seeking monies from Defendants. Defendants specifically deny that that any action has occurred that would entitle Plaintiff to the relief requested in this Paragraph.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 92 of Plaintiff's Complaint.

## "COUNT X – WAGE & HOUR FEDERAL STATUTORY VIOLATION AGAINST MATTRESS, INC."

93. Defendants repeat and incorporate by reference their responses to Paragraphs 1-17 as if set forth in full herein.

94. Defendants admit that Plaintiff seeks to recover from Defendants for alleged unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 207. Defendant specifically denies that Plaintiff is entitled to the relief sought. The remainder of the allegation is denied as a legal conclusion to which no response is required.

95. Admitted.

96. Defendants admit only that, at certain relevant times, Mattress Firm engages in interstate commerce and is covered by the FLSA. Otherwise, denied.

97. Defendants admit only that Mattress Firm's revenue per annum exceeds $500,000, that it engages in interstate commerce, and that it is covered by the FLSA. Otherwise, denied.

98. Defendants admit only that Mattress Firm is an enterprise engaged in commerce and is covered by the FLSA. Otherwise, denied.

99. Defendants admit that Plaintiff seeks to recover for alleged unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of her complaint. Otherwise, denied. Defendants specifically deny that Plaintiff is entitled to the relief sought.

100. Denied.

101. Denied.

102. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 102 of Plaintiff's Complaint.

### "COUNT XI – WAGE & HOUR FEDERAL STATUTORY VIOLATION AGAINST STAGNER R. STEPHEN"

103. Defendants repeat and incorporate by reference their responses to Paragraphs 1-17 as if set forth in full herein.

104. Defendants admit that Stagner was and is, at relevant times, a corporate officer at Mattress Firm. Otherwise, denied.

105. Denied.

106. Denied.

107. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 107 of Plaintiff's Complaint.

### "COUNT XII – FLSA RETALIATION VIOLATION AGAINST MATTRESS, INC."

108. Defendants repeat and incorporate by reference their responses to Paragraphs 1-17 as if set forth in full herein.

109. There is no factual averment in this paragraph, so no response is required. To the extent this paragraph contains facts, they are denied.

110. Denied.

111. Denied.

112. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 112 of Plaintiff's Complaint.

### "JURY DEMAND"

113. Defendants admit that Plaintiff demands a jury trial.

11

## "GENERAL DENIAL"

114. Defendants deny each and every allegation of fact and conclusion of law contained in Plaintiff's Complaint that has not been expressly admitted in the foregoing numbered paragraphs

## DEFENSES AND AFFIRMATIVE DEFENSES

115. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

116. All actions taken with regard to Plaintiff's employment were based on legitimate business reasons totally unrelated to Plaintiff's sex or alleged protected activity.

117. All actions taken with regard to Plaintiff's employment were for good cause and taken in good faith.

118. Some or all of Plaintiff's claims are barred to the extent that Plaintiff failed to file a timely charge of discrimination with an appropriate fair employment practices agency, to await a determination from such agency, or otherwise to file her complaint timely based on that agency's action or inaction on such charge.

119. Any recovery by Plaintiff must be reduced, in whole or in part, because and to the extent that Plaintiff failed or refused to take reasonable efforts to mitigate Plaintiff's damages.

120. Plaintiff's claims are barred, in whole or in part, because Mattress Firm has exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided or to otherwise avoid harm.

121. Plaintiff's requests for punitive damages must fail because no managing agent of Mattress Firm engaged in any discriminatory act or any act in violation of any statutorily-

protected rights with malice or reckless indifference to Plaintiff's statutorily-protected rights, and because any violation of those rights is contrary to Defendants' good-faith efforts to comply with all applicable equal employment laws.

122. Mattress Firm reserves the right to assert a mixed motive defense because, even if Plaintiff proves that there was an improper motivating factor in the challenged employment decision(s), the adverse employment decision at issue would have been made anyway even in the absence of any such improper factor.

123. R. Stephen Stagner is not a proper party-defendant in this case.

124. R. Stephen Stagner is not a covered employer under the FLSA.

125. Plaintiff has been properly compensated for all hours worked.

126. Plaintiff was paid properly for her work.

127. During all or part of Plaintiff's employment, Plaintiff was exempt from the overtime pay provisions of the Fair Labor Standards Act under the retail sales exemption under Section 7(i) of the FLSA because Plaintiff worked in a retail sales establishment, earned more than one and one half times the applicable minimum wage for all hours worked in a workweek when overtime hours were worked, and more than half of her total earnings were commissions on goods or services.

128. Defendants have at all times engaged in good-faith efforts to comply with applicable law, and with reasonable belief that they were so complying, and any violation by them, if any, was inadvertent and not willful or reckless, and consequently they are not liable for liquidated damages and application of a three-year statute of limitations is not warranted.

129. The damages of Plaintiff are limited by the provisions of the FLSA.

130. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, any recovery Plaintiff may be entitled to as a result of this action must be off-set or reduced by overpayments made by Defendants to Plaintiff and/or by any amounts of compensation and benefits that Plaintiff would not have otherwise received but for any overtime work or by any amounts of compensation and benefits that Claimant received for projects not performed or not performed properly.

131. Plaintiff's claims and the time for which Plaintiff seeks compensation under the FLSA are *de minimis*. Plaintiff's claims are thus barred by the *de minimis* doctrine.

132. Some or all of Plaintiff's claims are barred or limited by the applicable statute of limitations.

133. Defendants reserve the right to assert such additional defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendants, Mattress Firm, Inc. and R. Stephen Stagner respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, award Defendants their costs and reasonable attorney's fees incurred in this action, and provide any such other and further relief as this Court deems just and proper.

Dated this 18th day of April, 2016.

                      Respectfully submitted,

                      OGLETREE, DEAKINS, NASH,
                      SMOAK & STEWART, P.C.
                      701 Brickell Avenue, Suite 1600
                      Miami, Florida 33131-2813
                      Telephone:  305.374.0506
                      Facsimile:   305.374.0456

                      <u>s/ Paul De Boe</u>
                      Christopher P. Hammon
                      Florida Bar No. 176753
                      chris.hammon@ogletreedeakins.com
                      Paul J. De Boe
                      Florida Bar Number 52051
                      paul.deboe@ogletreedeakins.com

                      *Counsel for Defendants,*
                      *Mattress Firm, Inc. and R. Stephen Stagner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/* Paul De Boe
Paul J. De Boe

## SERVICE LIST

*KATHERY LOBAINA v. MATTRESS FIRM, INC. AND R. STEPHEN STAGNER*
United States District Court, Southern District of Florida
CASE NO. 2016-CIV-21317-FAM

Peter M. Hoogerwoerd, Esq.
 pmh@rgpattorneys.com
Waynice A. Green, Esq.
 wgreen@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street
 Suite 2200
Miami, Florida 33130
Telephone: 305.416.5000
Facsimile 305.416.5005

*Counsel for Plaintiff, Kathery Lobaina*

Method of Service:  *CM/ECF*


Christopher P. Hammon
 chris.hammon@ogletreedeakins.com
Paul J. De Boe
 paul.deboe@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone: 305.374.0506
Facsimile: 305.374.0456

*Counsel for Defendants,*
 *Mattress Firm, Inc. and R. Stephen Stagner*

24364000.4